IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RAYMOND L. SANDERS and SHAWNDA
SANDERS, Jointly, and SHAWNDA
SANDERS, Individually,

          Plaintiffs,

v.

UDR, Inc., d/b/a DOMINION CREEKWOOD,
          Defendant.

Civil Action No. 3:10-CV-459

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs' Motion for the Court to Consider Abstention (Dock. No. 4). For the reasons stated below, the Court DENIES the Defendant's Motion.

## I. BACKGROUND

In May 2010, the Sanderses initiated this suit in the Circuit Court of Henrico County, Virginia, asserting that Defendant UDR, Inc. d/b/a Dominion Creekwood had caused personal injury and property damage stemming from alleged mold and moisture issues at the Sanderses' residence at Dominion Creekwood, an apartment complex owned by UDR and located in Richmond, Virginia. Specifically, the Sanderses' Complaint alleges breach of contract (count I), violation of the Virginia Residential Landlord and Tenant Act ("VRLTA") (count II), negligence (count III), negligence *per se* under the VRLTA (count IV), negligence *per se* under the Virginia Building Code (count V), and fraud (count VI).

In July 2010, UDR answered Count III, demurred as to the remaining counts, and filed its Notice of Removal to this Court, which asserted diversity jurisdiction as the basis for subject

matter jurisdiction because the Sanderses are Virginia residents, UDR is a Maryland corporation with its principal place of business in Colorado, and the amount in controversy exceeds $75,000. Thereafter, the Sanderses filed the instant Motion, requesting that the Court abstain from hearing this controversy under the principles outlined in Burford v. Sun Oil Co., 319 U.S. 315 (1943).

## II. DISCUSSION

The Sanderses assert that the Court should abstain from hearing this case based on the doctrine of Burford abstention. As the Fourth Circuit has explained the doctrine,

> Burford permits abstention when federal adjudication would "unduly intrude" upon "complex state administrative processes" because either: (1) "there are difficult questions of state law . . . whose importance transcends the result in the case then at bar"; or (2) federal review would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Pub. Serv., Inc. v. Council of New Orleans ("NOPSI"), 491 U.S. 350, 361-63 (1989) (internal quotation marks omitted). Moreover, the Supreme Court has directed that "Burford allows a federal court to dismiss a case only" when presented with these "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27(1996). Courts must balance the state and federal interests to determine whether the importance of difficult state law questions or the state interest in uniform regulation *outweighs* the federal interest in adjudicating the case at bar. NOPSI, 491 U.S. at 362. "This balance only rarely favors abstention." Quackenbush, 517 U.S. at 728.

Martin v. Stewart, 499 F.3d 360, 364 (4th Cir. 2007). The doctrine may be applied within the district court's discretion when it is sitting in equity. See, e.g., High Peak Partners, LLC v. Bd. of Supervisors, No. 07-CV-757, 2008 WL 1733605, at *5 (E.D. Va. Apr. 14, 2008).

The Sanderses claim that after a Virginia Supreme Court case, Isbell v. Commercial Investment Associates, 644 S.E.2d 72 (2007), the General Assembly overhauled the VRLTA, resulting in significant changes that are still moving through the courts in Virginia. The Sanderses say that the circuits are split on the extent of and conditions for personal injury

liability and negligence per se under the new version of the VRLTA.  With that backdrop in mind, they assert that this Court should abstain hearing this case because the current status of landlord-tenant regulation is in flux, it is a unique issue of state law, and federal court rulings in this area would likely create more confusion.

UDR states that the Sanderses are not entitled to <u>Burford</u> abstention here.  It first notes that abstention is generally only invoked when federal and state courts find themselves exercising concurrent jurisdiction over the same dispute, the issues are especially complex, or this Court's ruling would impede Virginia's ability to establish a policy on landlord-tenant law.  None of those circumstances, UDR maintains, are present here.  First, UDR reports that there is no concurrent state case or administrative process in progress involving these parties.  Second, UDR suggests that the Sanderses' personal injury and property damage claims do not approach the complexity of the oil and gas regulations at issue in <u>Burford</u>.  Lastly, according to UDR, this area of the law is not in flux. UDR explains that the VRLTA was created in 1974 and Virginia landlord-tenant law appears to be currently settled despite undergoing some changes in 2008.

The underlying rationale for <u>Burford</u> abstention is not for the federal courts to avoid all complex issues of state law but to protect a legitimate state interest in controlling a complex administrative scheme that provides the only state forum in which legal questions pertaining to that scheme can be answered.  Here, the statutes in question are not nearly as complex as the regulations concerning oil drilling in <u>Burford</u> or gambling in <u>Martin</u>.  As Virginia's interest in maintaining complete control over the VRLTA is only slightly implicated in this Court's addressing the Sanderses' claims, that state interest does not outweigh the federal interest in adjudicating this case.

Moreover, none of the Sanderses' claims require this Court to sit in equity, which is considered a prerequisite to invoking Burford. See High Peak Partners, LLC, 2008 WL 1733605, at *5 ("Courts applying Burford abstention have frequently restated that it is limited to cases where the district court is sitting in equity."). Accordingly, the case should not be dismissed based on Burford abstention.

The Sanderses also invoke the abstention doctrine articulated in Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959), an eminent domain case permitting abstention in cases raising issues "intimately involved with [the State's] sovereign prerogative," where unsettled questions of law might impair proper adjudication. Id. at 28-29. The Court finds this additional abstention doctrine unpersuasive here. The statutes relevant to the Sanderses' claims do not implicate issues so connected to sovereign prerogative that abstention is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for the Court to Consider Abstention. An appropriate Order will accompany this Memorandum.

Let the Clerk send a copy of this Memorandum to all counsel of record.

/s/
James R. Spencer
Chief United States District Judge

ENTERED  10th   day of September 2010