## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| RAYMOND L. SANDERS ) | |
| and SHAWNDA SANDERS, ) | |
| Jointly, and SHAWNDA SANDERS, ) | |
| Individually, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 3:10-cv-00459-JRS |
| ) | |
| v. ) | |
| ) | |
| UDR, INC. d/b/a DOMINION ) | |
| CREEKWOOD, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

UDR, Inc. *d/b/a* Dominion Creekwood ("UDR"), by counsel, states the following as its Answer to plaintiffs' Complaint:

1. UDR admits that it managed an apartment at Dominion Creekwood that plaintiffs leased. UDR denies the remaining allegations in Paragraph 1.

2. UDR admits that the subject property and UDR's registered agent are located in Henrico County. UDR denies the remaining allegations in Paragraph 2.

3. UDR admits that Mr. Sanders signed the August 22, 2008 lease for apartment E at 5727 Kilrush Court, Richmond, VA. UDR denies the remaining allegations in Paragraph 3.

4. UDR admits that Mrs. Sanders signed the August 22, 2008 lease for apartment E at 5727 Kilrush Court, Richmond, VA. UDR denies the remaining allegations in Paragraph 4.

5. UDR is a Maryland corporation. UDR owns the apartment complex known as Dominion Creekwood. UDR denies the remaining allegations in Paragraph 5.

## BACKGROUND AND FACTS

6. UDR lacks sufficient information to admit or deny the allegations in Paragraph 6.

7. UDR admits that Kadie Lintner is a leasing consultant for UDR. UDR lacks sufficient information to admit or deny the remaining allegations in Paragraph 7.

8. UDR admits that plaintiffs signed a lease dated August 22, 2008 for apartment E at 5727 Kilrush Court. UDR lacks sufficient information to admit or deny the remaining allegations in Paragraph 8.

9. UDR denies that plaintiffs were promised new appliances. UDR lacks sufficient information to admit or deny the remaining allegations in Paragraph 9.

10. UDR admits that plaintiffs were given and completed a check-in form. UDR denies the remaining allegations in Paragraph 10.

11. UDR denies the allegations in Paragraph 11.

12. UDR lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 12. UDR denies the remaining allegations in Paragraph 12.

13. UDR denies the allegations in Paragraph 13.

14. UDR denies the allegations in Paragraph 14.

15. UDR denies the allegations in Paragraph 15.

16. UDR denies the allegations in Paragraph 16.

17. UDR denies the allegations in Paragraph 17.

18. UDR denies the allegations in Paragraph 18.

19. UDR denies the allegations in Paragraph 19.

20. UDR denies the allegations in Paragraph 20.

21. UDR denies the allegations in Paragraph 21.

22. UDR is without sufficient information to admit or deny the allegations in Paragraph 22.

23. UDR admits that a complaint was reported.  UDR denies all remaining allegations in Paragraph 23.

24. UDR denies the allegations in Paragraph 24.

25. UDR admits that a call took place on or about June 5, 2009.  UDR denies all remaining allegations in Paragraph 25.

26. UDR denies the allegations in Paragraph 26.

27. UDR denies the allegations in Paragraph 27.

28. UDR denies the allegations in Paragraph 28.

29. UDR denies the allegations in Paragraph 29.

30. UDR lacks sufficient information to admit or deny the allegations in Paragraph 30.

31. UDR lacks sufficient information to admit or deny the allegations in Paragraph 31.

32. UDR denies the allegations in Paragraph 32.

33. UDR denies the allegations in Paragraph 33.

34. UDR lacks sufficient information to admit or deny the allegations in Paragraph 34.

35. UDR admits that repairs were done on June 19, 2009. UDR lacks sufficient information to admit or deny the remaining allegations in Paragraph 35.

36. UDR lacks sufficient information to admit or deny the allegations in Paragraph 36.

37. UDR denies the allegations in Paragraph 37.

38. UDR denies the allegations in Paragraph 38.

39. UDR denies the allegations in Paragraph 39.

40. UDR denies the allegations in Paragraph 40.

41. UDR denies the allegations in Paragraph 41.

42. UDR lacks sufficient information to admit or deny the allegations in Paragraph 42.

43. UDR lacks sufficient information to admit or deny the allegations in the first sentence Paragraph 43. UDR denies all remaining allegations in Paragraph 43.

44. UDR denies the allegations in Paragraph 44.

45. UDR denies the allegations in Paragraph 45.

46. UDR lacks sufficient information to admit or deny the allegations in Paragraph 46.

47. UDR lacks sufficient information to admit or deny the allegations in Paragraph 47.

48. UDR lacks sufficient information to admit or deny the allegations in Paragraph 48.

49. UDR lacks sufficient information to admit or deny the allegations in Paragraph 49.

50.     UDR lacks sufficient information to admit or deny the allegations in Paragraph 50.

51.     UDR lacks sufficient information to admit or deny the allegations in Paragraph 51.  UDR denies that it caused or is in any way responsible for the injuries and damages alleged in Paragraph 51.

## DAMP INDOOR SPACES

52.     Paragraph 52 contains no factual allegations against UDR.  To the extent a response is required, UDR denies the allegations in Paragraph 52 and calls for strict proof thereof.

53.     Paragraph 53 contains no factual allegations against UDR.  To the extent a response is required, UDR denies the allegations in Paragraph 53 and calls for strict proof thereof.

54.     Paragraph 54 contains no factual allegations against UDR.  To the extent a response is required, UDR denies the allegations in Paragraph 54 and calls for strict proof thereof.

55.     Paragraph 55 contains no factual allegations against UDR.  To the extent a response is required, UDR denies the allegations in Paragraph 55 and calls for strict proof thereof.

56.     Paragraph 56 contains no factual allegations against UDR.  To the extent a response is required, UDR denies the allegations in Paragraph 56 and calls for strict proof thereof.

57. Paragraph 57 contains no factual allegations against UDR. To the extent a response is required, UDR denies the allegations in Paragraph 57 and calls for strict proof thereof.

58. Paragraph 58 contains no factual allegations against UDR. To the extent a response is required, UDR denies the allegations in Paragraph 58 and calls for strict proof thereof.

59. Paragraph 59 contains no factual allegations against UDR. To the extent a response is required, UDR denies the allegations in Paragraph 59 and calls for strict proof thereof.

60. Paragraph 60 contains no factual allegations against UDR. To the extent a response is required, UDR denies the allegations in Paragraph 60 and calls for strict proof thereof.

61. UDR lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 61. The remaining sentences of Paragraph 61 contain no factual allegations against UDR. To the extent a response is required to the remaining allegations, UDR denies them and calls for strict proof thereof.

62. UDR denies the allegations in Paragraph 62.

63. UDR denies the allegations in Paragraph 63.

## COUNT I

## BREACH OF CONTRACT

64. UDR incorporates its responses to Paragraphs 1-63 as if fully set forth in this Paragraph 64.

65. Paragraph 65 consists of legal conclusions which require no response. To the extent a response is required, UDR denies the allegations in Paragraph 65. UDR denies that it breached the lease agreement. UDR further denies that it breached any duty owed to plaintiffs under the VRLTA.

66. Paragraph 66 consists of legal conclusions which require no response. To the extent a response is required, UDR denies the allegations in Paragraph 66. UDR denies that it breached the lease agreement. UDR further denies that it breached any duty owed to plaintiffs under the VRLTA.

67. Paragraph 67 consists of legal conclusions which require no response. To the extent a response is required, UDR denies the allegations in Paragraph 67. UDR denies that it breached the lease agreement. UDR further denies that it breached any duty owed to plaintiffs under the VRLTA.

68. The VRLTA is a written statute that speaks for itself. To the extent plaintiffs make any allegations against UDR in Paragraph 68, such allegations are denied. UDR denies that it breached the lease agreement. UDR further denies that it breached any duty owed to plaintiffs under the VRLTA.

69. Paragraph 69 consists of legal conclusions which require no response. To the extent a response is required, UDR denies the allegations in Paragraph 69. UDR denies that it breached the lease agreement. UDR further denies that it breached any duty owed to plaintiffs under the VRLTA.

70. UDR denies the allegations in Paragraph 70.

71. UDR denies the allegations in Paragraph 71.

72. UDR denies the allegations in Paragraph 72.

## COUNT II

## VIOLATION OF THE VIRGINIA RESIDENTIAL
## LANDLORD AND TENANT ACT

73. Count II has been dismissed with prejudice.

74. Count II has been dismissed with prejudice.

75. Count II has been dismissed with prejudice.

76. Count II has been dismissed with prejudice.

77. Count II has been dismissed with prejudice.

78. Count II has been dismissed with prejudice.

79. Count II has been dismissed with prejudice.

80. Count II has been dismissed with prejudice.

81. Count II has been dismissed with prejudice.

82. Count II has been dismissed with prejudice.

## COUNT III

## NEGLIGENCE

83. UDR incorporates its responses to Paragraphs 1-82 as if fully set forth in this Paragraph 83.

84. Paragraph 84 states legal conclusions which require no response. To the extent a response is required, UDR denies the allegations in Paragraph 84.

85. UDR denies the allegations in Paragraph 85.

86. UDR denies the allegations in Paragraph 86.

87. UDR denies the allegations in Paragraph 87.

88. UDR denies the allegations in Paragraph 88.

89. UDR denies the allegations in Paragraph 89.

90. UDR denies the allegations in Paragraph 90.

91. UDR denies the allegations in Paragraph 91.

## COUNT IV

## NEGLIGENCE PER SE
## VIRGINIA RESIDENTIAL LANDLORD AND TENANT ACT

92. Count IV has been dismissed with prejudice.

93. Count IV has been dismissed with prejudice.

94. Count IV has been dismissed with prejudice.

95. Count IV has been dismissed with prejudice.

96. Count IV has been dismissed with prejudice.

## COUNT V

## NEGLIGENCE PER SE
## VIRGINIA BUILDING CODE

97. Count V has been dismissed.

98. Count V has been dismissed.

99. Count V has been dismissed.

100. Count V has been dismissed.

101. Count V has been dismissed.

102. Count V has been dismissed.

## COUNT VI

## FRAUD

103. Count VI has been dismissed.

104. Count VI has been dismissed.

105. Count VI has been dismissed.

106. Count VI has been dismissed.

107. UDR denies all allegations, if any, contained in the paragraph following Paragraph 106.

108. UDR denies all allegations not expressly admitted herein.

109. UDR denies that it breached any duties owed to plaintiffs or that it is liable or indebted to plaintiffs for any reason or in any amount.

110. UDR denies any and all allegations of breach of contract, negligence, or fraud.

111. UDR reserves the right to alter, supplement or amend this Answer.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' negligence claims are barred by plaintiffs' own contributory negligence.

2. Plaintiffs' claims are barred because the alleged injuries/damages were not proximately caused by UDR.

3. Plaintiffs failed to take reasonable steps to prevent or minimize the damages they allege to have sustained.

4. Plaintiffs' claims, in whole or in part, are barred by the doctrine of waiver.

5. Plaintiffs' claims, in whole or in part, are barred by the doctrine of estoppel.

6. Plaintiffs' contract claims are barred by their first material breach of contract.

7. Plaintiffs' claims are barred by the doctrine of assumption of risk.

8. UDR reserves the right to assert any affirmative defense that becomes apparent from evidence discovered before or at the trial of this case.

**UDR, INC.,**
**By:  Counsel**

By:  /s/ Joseph T. Rezabek
L.B. Cann, III, Esq. (VSB No.17052)
Joseph T. Rezabek (VSB No. 71396)
LeClairRyan, A Professional Corporation
951 East Byrd Street, Eighth Floor
Richmond, Virginia  23219
(804) 783-1182
(804) 783-7612 *(facsimile)*
E-mail:  brad.cann@leclairryan.com
          joseph.rezabek@leclairryan.com
*Counsel for UDR, Inc.*

## **CERTIFICATE OF SERVICE**

I, Joseph T. Rezabek, attorney for UDR, INC., hereby certify that I electronically filed the foregoing Answer with the Clerk of Court via the CM/ECF and have sent notification by U. S. first class mail to the following:

>David Sanburg Bailey, Esq.
>The Environmental Law Group PLLC
>5803 Staples Mill Road
>P.O. Box 6236
>Richmond, Virginia  23230
>(804) 433-1980
>E-mail:  dsbailey@igc.org
>*Counsel for Plaintiffs*

>By:     /s/ Joseph T. Rezabek
>L.B. Cann, III, Esq. (VSB No.17052)
>Joseph T. Rezabek (VSB No. 71396)
>LeClairRyan, A Professional Corporation
>951 East Byrd Street, Eighth Floor
>Richmond, Virginia  23219
>(804) 783-1182
>(804) 783-7612 *(facsimile)*
>E-mail:brad.cann@leclairryan.com
>        joseph.rezabek@leclairryan.com
>*Counsel for UDR, Inc.*